NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-982

COMMONWEALTH

vs.

NICKY S. KEO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant pleaded guilty in the District Court on June 6, 2022, to a single count of unlawfully carrying a firearm without a license in violation of G. L. c. 269, § 10 (a).[1] He was sentenced to the mandatory minimum house of correction term of eighteen months. On June 23, 2022, the Supreme Court of the United States issued its decision in New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022), holding that the State of New York's statute for obtaining a license to carry a firearm outside of the home impermissibly burdened the Second Amendment rights of law-abiding citizens. The defendant filed a

_____

[1] At the change of plea hearing, the Commonwealth agreed to dismiss three additional counts charging knowingly receiving a firearm with a defaced serial number, G. L. c. 269, § 11C; unlawful carrying of a loaded firearm, G. L. c. 269, § 10 (n); and possession of a class B substance with intent to distribute, G. L. c. 94C, § 32A (a).

timely notice of appeal.  Shortly thereafter the defendant filed
in the District Court a motion "to correct the unconstitutional
sentence or, in the alternative, motion for a new trial"
(postconviction motion), together with a motion to stay his
sentence pending appeal.  He argued that under the Supreme
Court's analysis in Bruen the Commonwealth's mandatory minimum
sentence for unlawfully carrying a firearm is unconstitutional.
The same judge who had accepted the guilty plea denied both
motions, and the defendant timely appealed from the order
denying the postconviction motion.[2]

Discussion.  The defendant does not challenge the
underlying licensing regime or his conviction.[3]  Instead, he
argues that the mandatory minimum firearm sentencing scheme is
unconstitutional under Bruen because there is no historical
analogue in the country's history to the mandatory sentencing
scheme of G. L. c.  269, § 10 (a).  Therefore, the defendant
argues, the mandatory minimum sentence is an unconstitutional
infringement on his Second Amendment rights.  "Such

---

[2] The defendant also renewed his motion to stay in our single
justice session, which was denied.  The defendant appealed that
denial, which a panel of this court affirmed in an unpublished
decision.  Commonwealth v. Keo, 102 Mass. App. Ct. 1110 (2023).
[3] As the Supreme Judicial Court recently held in a post-Bruen
decision, "[t]he Commonwealth may impose licensing requirements
upon the possession of firearms."  Commonwealth v. Guardado, 491
Mass. 666, 691 (2023).

constitutional challenges are questions of law that we review de novo."  Commonwealth v. Johnson, 470 Mass. 300, 307 (2014).

We do not agree that under the reasoning of Bruen section 10 (a)'s mandatory minimum sentence must be considered unconstitutional.  As two of the concurring Justices in Bruen made clear, 142 S. Ct. at 2161 (Kavanaugh, J., concurring), the reasoning of Bruen did not invalidate so-called "shall issue" State schemes for licensing firearms, and indeed, the opinion of the Court itself indicates that such licensing schemes do not run afoul of the Second Amendment.  See id. at 2138 n.9 ("To be clear, nothing in our analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall-issue' licensing regimes").  Here, the sentencing provision at issue is part of a licensing scheme, and the defendant does not challenge the lawfulness of the licensing scheme itself.

Rather, the defendant invokes Bruen to challenge solely the punishment for a firearm licensing scheme violation. Historically, courts review the alleged harshness of different sentencing schemes to determine if the scheme runs afoul of the Eighth Amendment to the United States Constitution and art. 26 of the Massachusetts Declaration of Rights.  See Commonwealth v. Sharma, 488 Mass. 85, 89 (2021).  In Commonwealth v. Jackson, 369 Mass. 904, 909-916 (1976), the Supreme Judicial Court did just that and upheld the constitutionality of the mandatory

minimum firearm sentencing scheme of G. L. c. 269, § 10 (a), holding that it did not amount to cruel and unusual punishment. The court noted that "the Legislature has great latitude to determine what conduct should be regarded as criminal and to prescribe penalties to vindicate the legitimate interests of society." Id. at 909.

"[I]t is not uncommon for a constitutional rule to apply somewhat differently at the penalty phase than it does at the guilt phase." White v. Woodall, 572 U.S. 415, 421 (2014). While Bruen provided a new analytical framework for the regulation of the possession of a firearm, it is silent on the issue of punishment. It did not change the constitutionality of existing sentencing schemes, nor discuss any change to how those sentencing schemes should be analyzed. Because nothing in Bruen inherently affects the Supreme Judicial Court's holding in

Jackson, we affirm the order denying the postconviction motion.

> Order entered August 4, 2022, denying motion to correct sentence or, in the alternative, for a new trial affirmed.
>
> By the Court (Henry, Desmond & Englander, JJ.[4]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  June 29, 2023.

---

[4] The panelists are listed in order of seniority.